# EXHIBIT-A

---

## INDEX OF EXHIBITS

---

1.  Copy of the Court Docket Sheet

2.  Plaintiff's Original Petition

3.  Citation on City of La Feria, Texas

4.  Defendant's Original Answer

5.  Defendant / Counter-Claimant City of La Feria, Texas' Original Counter-Claim Against Plaintiff / Couner-Defendant Sunny K. Phillips

6.  Plaintiff/Counter-Defendant's Original Answer to Defendant/Counter-Plaintiff's Counter-Claim

7.  Defendant / Counter-Claimant City of La Feria, Texas' First Amended Counter-Claim Against Plaintiff / Counter-Defendant Sunny K. Phillip

8.  Plaintiff/Counter-Defendant's Original Answer to Defendant/Counter-Plaintiff's First Amended Counter-Claim

9.  Plaintiff's First Amended Original Petition

COUNTY COURT AT LAW II

# CASE SUMMARY
## CASE NO. 2016-CCL-01195

| | | |
|---|---|---|
| Sunny Phillip | § | Location: **County Court at Law II** |
| | § | Judicial Officer: **Betancourt, Laura L.** |
| VS | § | Filed on: **11/22/2016** |
| | § | |
| City of La Feria Texas | | |

---

### CASE INFORMATION

Case Type: **Contract-Other Contract**

Case Flags: **Jury Fee Paid**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | 2016-CCL-01195 |
| Court | County Court at Law II |
| Date Assigned | 11/22/2016 |
| Judicial Officer | Betancourt, Laura L. |

---

### PARTY INFORMATION

|  |  | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **Phillip, Sunny** | **PENA, RUBEN R** |
| | | *Retained* |
| | | 956-546-5775(W) |
| | | |
| **Defendant** | **City of La Feria Texas** | **AGUILAR, J. ARNOLD** |
| | | *Retained* |
| | | (956)504-1100(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 11/22/2016 | Original Petition (OCA) | |
| 11/22/2016 | 📄 Application | |
| | *Plaintiff's Original Petition, Employment Contract* | |
| 11/28/2016 | Jury Fee Paid | |
| | Party: Plaintiff Phillip, Sunny | |
| 11/28/2016 | 📄 Citation by Certified Mail(PD) | |
| | Party: Plaintiff Phillip, Sunny | |
| | *(CITY OF LA FERIA TEXAS) Mail* | |
| 11/28/2016 | **Citation By Certified Mail** | **EXHIBIT A-1** |
| | City of La Feria Texas | |
| | Unserved | |
| 12/22/2016 | 📄 Original Answer | |
| | Party: Defendant City of La Feria Texas | |
| 03/06/2017 | Counter-Claim/ Intervention/ Third Party | |
| | *f/Counter-Claimant City of La Feria, Texas' Original Counter-Claim Against* | |
| | *aintiff/Counter-Def Sunny K. Phillip* | |
| | 📄 Order Setting | |
| | *Motion for Trial Setting (Signed 03/07/2017 and Entered) c/to: all parties on 03/09/2017* | |

CERTIFIED COPY
...PEREZ, County Clerk
...County Texas
...of...

COUNTY COURT AT LAW II
# CASE SUMMARY
### CASE NO. 2016-CCL-01195

| | | |
|---|---|---|
| 03/08/2017 | Order Setting Hearing | |
| | *(Signed 03/13/17 and Entered) c/to: all parties on 03/13/17* | |
| 03/16/2017 | Original Answer | |
| | Party: Plaintiff Phillip, Sunny | |
| | *Counter-Defendant's Original Answer to Defendant/Counter-Plaintiff's Counter-Claim* | |
| 03/20/2017 | Amended | |
| | *Defendant/Counter-Claimant City of La Feria, Texas' 1st Amended Counter-Claim Against Plaintifff/Counter-Defendant Sunny K. Phillip* | |
| 03/20/2017 | Exhibits | |
| | *A* | |
| 03/30/2017 | Original Answer | |
| | Party: Plaintiff Phillip, Sunny | |
| | *Sunny K. Phillip Answer to City of La Feria First Amended Counter-Claim* | |
| 04/03/2017 | Subpoena | |
| | *to Non-Party to Compel A Deposition on Written Questions and Subpoena Duces Tecum For Production of Documents (South Texas Collaborative for Housing Development, Inc.)* | |
| 04/03/2017 | Subpoena | |
| | *to Non-Party to Compel A Deposition on Written Questions and Subpoena Duces Tecum For Production of Documents (South Texas Emerging Markets Development Fund, Inc.)* | |
| 04/03/2017 | Subpoena | |
| | *to Non-Party to Compel A Deposition on Written Questions and Subpoena Duces Tecum For Production of Documents (La Feria - Rio Grande Valley Community Development Enterprise, LLC.)* | |
| 04/03/2017 | Subpoena | |
| | *to Non-Party to Compel A Deposition on Written Questions and Subpoena Duces Tecum For Production of Documents (LFPV-SLP, LLC.)* | |
| 04/03/2017 | Subpoena | |
| | *to Non-Party to Compel A Deposition on Written Questions and Subpoena Duces Tecum For Production of Documents (LFDH-GP, LLC.)* | |
| 04/03/2017 | Subpoena | |
| | *to Non-Party to Compel A Deposition on Written Questions and Subpoena Duces Tecum For Production of Documents (Duke's Highway, LP.)* | |
| 04/03/2017 | Subpoena | |
| | *to Non-Party to Compel A Deposition on Written Questions and Subpoena Duces Tecum For Production of Documents (S.K. Philip Management, LLC.)* | |
| 04/03/2017 | Subpoena | |
| | *to Non-Party to Compel A Deposition on Written Questions and Subpoena Duces Tecum For Production of Documents (LFPH-GP, LLC.)* | |
| | Subpoena | |
| | *to Non-Party to Compel A Deposition on Written Questions and Subpoena Duces Tecum For* | |

A CERTIFIED COPY
SYLVIA GARZA-PEREZ, County Clerk
Cameron County Texas
Page ____ 2 ____ of ____

COUNTY COURT AT LAW II

# CASE SUMMARY

## CASE NO. 2016-CCL-01195

| | | |
|---|---|---|
| | *Production of Documents (LFPV-GP, LLC.)* | |
| 04/03/2017 | 📄 Subpoena<br>*to Non-Party to Compel A Deposition on Written Questions and Subpoena Duces Tecum For Production of Documents (LFSC-GP, LLC.)* | |
| 04/03/2017 | 📄 Subpoena<br>*to Non-Party to Compel A Deposition on Written Questions and Subpoena Duces Tecum For Production of Documents (LFSM-GP, LLC.)* | |
| 04/03/2017 | 📄 Subpoena<br>*to Non-Party to Compel A Deposition on Written Questions and Subpoena Duces Tecum For Production of Documents (LFSQ-GP, LLC.)* | |
| 04/03/2017 | 📄 Subpoena<br>*to Non-Party to Compel A Deposition on Written Questions and Subpoena Duces Tecum For Production of Documents (LFST-GP, LLC.)* | |
| 04/03/2017 | 📄 Subpoena<br>*to Non-Party to Compel A Deposition on Written Questions and Subpoena Duces Tecum For Production of Documents (LFSV-GP, LLC.)* | |
| 04/10/2017 | 📄 Rule 11 Letter/Agreement | |
| 04/12/2017 | *CANCELED* **Motion for Special Exceptions** (10:00 AM) (Judicial Officer: Betancourt, Laura L.)<br>*Rule 11 agreement*<br>*D's Motion for Special Exceptions* | |
| 04/20/2017 | 📄 Order Setting<br>*Motion for Trial Setting (Signed 04/20/17 and Entered) c/to: all parties on 04/20/17* | |
| 04/21/2017 | 📄 Rule 11 Letter/Agreement | |
| 04/24/2017 | 📄 Amended<br>*Plaintiff's First Amended Original Petition* | |
| 04/24/2017 | 📄 Rule 11 Letter/Agreement | |
| 05/01/2017 | 📄 Document Filed<br>*Objections to Subpoena Duces Tecum* | |
| 05/25/2017 | **Docket Control Conference (telephonic)** (9:30 AM) (Judicial Officer: Betancourt, Laura L.) | |

| DATE | FINANCIAL INFORMATION | |
|---|---|---|

**Counter Plaintiff** City of La Feria, Texas

| | |
|---|---|
| Total Charges | 122.00 |
| Total Payments and Credits | 122.00 |
| **Balance Due as of 5/18/2017** | **0.00** |

**Defendant** City of La Feria Texas

| | |
|---|---|
| Total Charges | 6.00 |
| Total Payments and Credits | 6.00 |
| **Balance Due as of 5/18/2017** | **0.00** |

**Plaintiff** Phillip, Sunny

A CERTIFIED COPY<br>SYLVIA GARZA-PEREZ, County Clerk<br>Cameron County Texas<br>Page 3 of 1

*Printed on 05/18/2017 at 3:49 PM*

COUNTY COURT AT LAW #2

# CASE SUMMARY
## CASE NO. 2016-CCL-01195

| | |
|---|---:|
| Total Charges | 379.00 |
| Total Payments and Credits | 379.00 |
| **Balance Due as of 5/18/2017** | **0.00** |

**Witness (Defendant)**  South Texas Collaborative for Housing Development, Inc.

| | |
|---|---:|
| Total Charges | 2.00 |
| Total Payments and Credits | 2.00 |
| **Balance Due as of 5/18/2017** | **0.00** |



State of Texas
County of Cameron
I, SYLVIA GARZA-PEREZ, County Clerk of Cameron County,
Texas, do hereby certify that the foregoing is a true and
correct copy of the original now on file and/or recorded
by me in the _____ CIVIL _____
Records
By _____ 05/18/17 Date
       _____ Deputy
       SYLVIA GARZA-PEREZ, County Clerk

A CERTIFIED COPY
SYLVIA GARZA-PEREZ, County Clerk
Cameron County, Texas
Page _____ of _____

FILED
2016-CCL-01195
11/22/2016 4:00:01 PM
Sylvia Garza-Perez
Cameron County Clerk

CAUSE NO. 2016-CCL-01195

| | | |
|---|---|---|
| SUNNY K. PHILLIP | § | IN THE COUNTY COURT |
| Plaintiff | § | Cameron County - County Court at Law II |
| | § | |
| vs. | § | AT LAW NO. _____ |
| | § | |
| CITY OF LA FERIA, TEXAS | § | |
| Defendant | § | CAMERON COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

NOW COMES, PLAINTIFF, SUNNY PHILLIP and files this Original Petition and for cause would show unto this Honorable Court as follows:

### I.  PARTIES

1.1 Plaintiff is an individual residing in Cameron County, Texas. The last three digits of his Texas Driver's license are 382 and the last three digits of his social security are 614

1.2 Defendant, City of La Feria, Texas may be served via certified mail return receipt requested by serving its City Manager, Jaime S. Sandoval, at the following location: 115 East Commercial Ave. La Feria, Texas 78559

### II. DISCOVERY LEVEL

2.1     Discovery is Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff hereby states that discovery in this case is intended to be conducted under Level 2 in accordance with Rule 190.3. Plaintiff reserves the right to later proceed under a Level 3 discovery control plan.

### III. VENUE AND JURISDICTION

3.1     Cameron County is the proper county for the venue of this cause of action, pursuant to section 15.015 of the Civil Practice and Remedies Code.

EXHIBIT A-2

### IV. FACTS OF THE CASE

4.1     On or about April 11, 1996 Plaintiff was hired as the City Manager for the City of La Feria, Texas.

4.2     On or about April 11, 1996 Plaintiff and the Defendant, City of La Feria, Texas entered into a written agreement of employment.

4.2     Plaintiff as City Manager provided the services requested and discharged the duties that were assigned to him a City Manager.

4.3     Plaintiff, as City Manager represented the City of La Feria vis-a-vis other governmental entities. He was also the individual responsible to respond to citizen complaints and concerns.

4.4     As the City of La Feria's CEO Plaintiff made himself available to the city commission who in essence were his employer. He sought advice and solicited constructive criticism from his commission.

4.5     Plaintiff as the City Manager, met on a regular basis with the mayor to discuss city business, prepare agendas and provide the mayor with updates on projects and concerns that he had regarding the roles of the commission and that of the city manager.

4.6     Defendant was required to provide annual evaluation of the plaintiff, which it failed to do.

4.7     On July 12, 2016 the City Commission met and voted to terminate the services of Plaintiff as City Manager as of July 15, 2016

4.8     Pursuant to the provisions of the contract entered into by the parties, the Defendant had three options:  1)  they could give him 18 month advance written notice and continue his employment during the 18 months; 2) they could terminate immediately and prove a 12 month severance package that included his salary and automobile allowance or; 3)  they could continue Plaintiff's employment for a fractional time period of the 18 months and pay an amount equal to the basic salary employee would otherwise receive and use of the automobile for remaining 18 month period .

4.9     Attached as Exhibit 1 is a true and correct copy of the contract entered into by the parties.

V.

**PLAINTIFFS' CAUSES OF ACTION AGAINST DEFENDANTS**

5.1     The Defendant by and through the actions of the City Commission of the City of La Feria, Texas have breached the contract entered into by the parties on April,11, 1996. Plaintiff would show that he was the victim of excessive force by the deputy in failing to provide him with protection against the elements.

5.2     Plaintiff would further show that the defendant did not have good cause for the termination

5.3     Plaintiff would further show that the defendant failed to provide due process to plaintiff.

5.4     Plaintiff, further brings this action under the Texas Civil Practice and Remedies Code as a declaratory action.

5.5     Plaintiff would show that the Defendant violated the Texas Open Meetings Act (TOMA) by meeting in executive session on items that would not be permitted by the TOMA.


VI

6.1     Notice has been provided to the city of Plaintiff's claims.


VII.

DAMAGES

7.1     Plaintiff has suffered damages in excess of the minimal jurisdictional amounts of the court.

7.2     Plaintiff has suffered severe emotional/physical distress and humiliation.

7.3     Plaintiff has incurred court costs and attorney's fees.


**<u>JURY DEMAND</u>**

Plaintiffs request a jury trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff pray that Defendant be cited to appear and answer and that upon final hearing they recover judgment against the Defendant for

his damages as they may appear at trial hereof, together with prejudgment and postjudgment interest, attorney's fees, costs of court, and such other relief to which they may be entitled.

Respectfully submitted,

BY: _/s/ Ruben R. Pena_
**RUBEN R. PEÑA**
Texas Bar No. 15740900

**LAW OFFICES OF RUBEN. R. PEÑA, P.C.**
125 Old Alice Rd
Brownsville, Texas 78520
Telephone (956) 546-5775
Facsimile (956) 546-5778
Riolaw1@aol.com

ATTORNEY FOR PLAINTIFF





Citation for Personal Service - BY CERTIFIED MAIL

### Cause No. 2016-CCL-01195 -B

### THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your Attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this Citation and Petition, a Default judgment may be taken against you.

TO:  **City of La Feria Texas**
     **115 East Commercial Avenue**
     **La Feria TX  78559**

The **Defendant**, Greeting:

You are commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service of this Citation before the Honorable  County Court at Law II of Cameron County at the Court House of said County in Brownsville, Texas.

Said Plaintiff's Petition was filed in Court, RUBEN R PENA(Attorney for Plaintiff, whose address is Law Office of Ruben R Pena PC  125 Old Alice Road  BROWNSVILLE TX  78520 on November 22, 2016, in this Case Numbered: 2016-CCL-01195 on the Docket of said Court, and styled:

### Sunny Phillip

### VS

### City of La Feria Texas

The nature of Plaintiff's demand is fully shown by a true and correct copy of said accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Brownsville, Texas, on this the 28th day of November, 2016.



Sylvia Garza-Perez, County Clerk
Cameron County, Texas

By ___/s/ Anthony Contreras___
Deputy   Anthony Contreras

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE | CERTIFICATE OF DELIVERY BY MAIL |
|---|---|
| Rule 106 (a)(2):  The citation  shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.<br>Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.<br><br>Anthony Contreras     Deputy Clerk<br>NAME OF PREPARER          TITLE<br><br>974 East Harrison<br>ADDRESS<br><br>Brownsville     Texas     78520<br>CITY          STATE          ZIP | I hereby certify that on November 28, 2016, I mailed to DEFENDANT by registered mail or certified mail with  delivery restricted to addressee only, return receipt requested, a true copy of  this citation with a copy of the petition attached hereto.<br><br>CERTIFIED MAIL NO. 70112970000191654661<br>RETURN RECEIPT REQUESTED<br>DELIVER TO ADDRESSEE ONLY<br><br>Sylvia Garza-Perez, County Clerk Cameron County, Texas<br><br>By _____/s/Anthony Contreras_____, Deputy<br>Anthony Contreras |

EXHIBIT A-3

2016-CCL-01195
12/22/2016 1:55:09 PM
Sylvia Garza-Perez
Cameron County Clerk

# CAUSE NO. 2016-CCL-01195

| | | |
|---|---|---|
| SUNNY K. PHILLIP | § | IN THE COUNTY COURT |
| | § | |
| VS. | § | AT LAW NO. 2 |
| | § | |
| CITY OF LA FERIA, TEXAS | § | OF CAMERON COUNTY, TEXAS |

---

# DEFENDANT'S ORIGINAL ANSWER

---

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant **CITY OF LA FERIA, TEXAS** submits this Original Answer to Plaintiff's Original Petition.

## I.

## SPECIAL EXCEPTIONS

(A)     Defendant **CITY OF LA FERIA, TEXAS** specially excepts to the entirety of Plaintiff's Original Petition, on the basis that Plaintiff has failed to identify how he may maintain a contract, tort or civil rights claim against Defendant, notwithstanding its immunity from suit and from liability.

(B)     Defendant **CITY OF LA FERIA, TEXAS** specially excepts to ¶ 5.1 and the entirety of Plaintiff's Original Petition, wherein Plaintiff alleges a claim of breach of contract, on the basis that Plaintiff has not identified any contract with this defendant that is not in violation of the Donna City Charter or otherwise not in violation of the law, void, against public policy, entered without authority or otherwise unenforceable, or any basis on which immunity from suit has been waived.

EXHIBIT A-4

(C)     Defendant **CITY OF LA FERIA, TEXAS** further specially excepts to ¶ 5.1 and the entirety of Plaintiff's Original Petition, wherein Plaintiff alleges a claim of excessive force, on the basis that Plaintiff has not identified any basis on which he may maintain such a claim against this defendant, notwithstanding the limitations of Texas Civil Practice and Remedies Code § 101.057.

(D)     Defendant **CITY OF LA FERIA, TEXAS** specially excepts to ¶ 5.3 and the entirety of Plaintiff's Original Petition, wherein Plaintiff alleges Defendant failed to provide him due process, on the basis that Plaintiff has not identified any factual or legal basis on which he may pursue such a claim.

(E)     Defendant **CITY OF LA FERIA, TEXAS** specially excepts to ¶¶ 5.1 – 5.5, 7.2, and the entirety of Plaintiff's Original Petition, wherein Plaintiff alleges he has suffered emotional/physical distress and humiliation, on the basis that Plaintiff has not identified any factual or legal basis on which he may recover such damages.

(F)     Defendant **CITY OF LA FERIA, TEXAS** further specially excepts to ¶¶ 5.1 and 5.3, and the entirety of Plaintiff's Original Petition, on the basis that Plaintiff has not identified how he has met the requirements of Texas Civil Practice & Remedies Code §101.101.  *See **Cathey v. Booth***, 900 S.W.2d 339, 340 (Tex. 1995) (actual notice requires City to have knowledge of injury or property damage, [Defendant]'s alleged fault producing or contributing to injury or damages, and identity of parties involved); ***Tex. Dept. of Crim. Justice v. Simons***, 140 S.W.3d 338, 347-48 (Tex. 2004) (actual notice requires [Defendant]'s subjective awareness of its fault); ***Gonzalez v. El Paso Hosp. Dist.***, 940 S.W.2d 793, 795 (Tex. App—El Paso 1997, no writ) ("Actual notice may be imputed to the governmental unit only when an agent or representative of the entity

charged with a duty to investigate and report to the governmental unit receives the three elements of actual notice….").

(G)      Defendant **CITY OF LA FERIA, TEXAS** specially excepts to ¶ 5.4, wherein Plaintiff seeks declaratory relief, on the basis that Plaintiff has failed to identify any factual basis or legal authority that would entitle him to such relief in this action to recover money damages.  "[P]rivate parties cannot circumvent the State's sovereign immunity from suit by characterizing a suit for money damages … as a declaratory-judgment claim." ***Tex. Natural Res. Conservation Comm'n v. IT-Davy***, 74 S.W.3d 849, 855-56 (Tex. 2002).

(H)      Defendant **CITY OF LA FERIA, TEXAS** specially excepts to ¶ 5.5, wherein Plaintiff alleges a violation of the Texas Open Meetings Act (TOMA), on the basis that Plaintiff has failed to identify any facts that would establish a violation of the Act. Specifically, Plaintiff has not identified any alleged meeting in violation of TOMA, including the names of the individuals in attendance at the meeting and the date, time and location of the alleged meeting.

(I)      Defendant **CITY OF LA FERIA, TEXAS** specially excepts to¶ 7.3, the Prayer and the entirety of Plaintiff's Original Petition, wherein Plaintiff alleges entitlement to the recovery of attorney's fees*,* on the basis that Plaintiff has failed to identify any authority to establish how he may maintain an action against this Defendant for the recovery of such fees.

(J)      Defendant **CITY OF LA FERIA, TEXAS** further specially excepts to the Prayer and the entirety of Plaintiff's Original Petition on the basis that Plaintiff has failed to specify the amount of damages sought for each cause of action alleged, or the maximum total amount of damages sought, pursuant to Texas Rules of Civil Procedure 47 and 90.

Defendant **CITY OF LA FERIA, TEXAS** requests that this Court grant the above special exceptions and order Plaintiff to replead in conformity with the Special Exceptions listed herein, and if Plaintiff is unable to so replead, that this Court dismiss each of such claims or causes of action against Defendant on which he is unable to do so.

## II.

## <u>GENERAL DENIAL</u>

Defendant **CITY OF LA FERIA, TEXAS** denies each and every allegation contained in Plaintiff's Original Petition, all and singular, and demands strict proof thereof in the trial of this cause.

## III.

## <u>SOVEREIGN IMMUNITY</u>

Defendant **CITY OF LA FERIA, TEXAS** hereby provides Plaintiff notice of its entitlement to sovereign immunity for all claims raised by Plaintiff, including immunity from suit and/or liability.  Specifically,

(1)   Plaintiff cannot recover, directly or indirectly, from Defendant **CITY OF LA FERIA, TEXAS** because of the Doctrine of Sovereign Immunity;

(2)   Plaintiff cannot recover, directly or indirectly, from Defendant **CITY OF LA FERIA, TEXAS** on his claim of breach of contract because he has not identified any putative contract that is not in violation of the Donna City Charter, in violation of the law, void, against public policy, entered without authority, and unenforceable, and as a result Defendant's sovereign immunity from suit and liability has not been waived;

(3)   Plaintiff cannot recover, directly or indirectly, from Defendant **CITY OF LA FERIA, TEXAS** because Texas Local Government Code § 271.151, *et seq.*, does not allow for Plaintiff's claims and Defendant's sovereign immunity has not been waived;

(4)  Plaintiff cannot recover, directly or indirectly, from Defendant **CITY OF LA FERIA, TEXAS** because the Texas Tort Claims Act does not allow for Plaintiff's claims and Defendant's sovereign immunity has not been waived;

(5)  Plaintiff cannot recover, directly or indirectly, from Defendant **CITY OF LA FERIA, TEXAS** because Plaintiff has not identified an employee, or any other person, for whose actions Defendant could be held responsible, and as a result  Defendant's sovereign immunity has not been waived and the Texas Tort Claims Act does not allow Plaintiff to proceed with his claims against Defendant; and

(6)  In the alternative, should it be determined that the Texas Tort Claims Act or any other applicable law allows Plaintiff's claims to be asserted against Defendant, the **CITY OF LA FERIA, TEXAS** would hereby invoke the statutory limit on damages contained in that Act or Code, including but not limited to the statutory cap on damages and the bar against punitive or exemplary damages, Texas Civil Practice & Remedies Code §§ 101.023 & 101.024.

## IV.

## <u>AFFIRMATIVE DEFENSES</u>

Defendant **CITY OF LA FERIA, TEXAS**, still urging and relying on the matters

hereinabove alleged, by way of further answer if any need there be, further alleges by way

of affirmative defenses the following:

(1)  Should it be determined that the Texas Tort Claims Act allows Plaintiff's claims to be asserted against Defendant, the **CITY OF LA FERIA, TEXAS** would hereby invoke the statutory limit on damages contained in such Act, including but not limited to the statutory cap on damages and the bar against punitive or exemplary damages, pursuant to Texas Civil Practice & Remedies Code §§ 101.023 & 101.024;

(2)  Any loss or damages sustained by the Plaintiff at the time and place, and on the occasion, mentioned in Plaintiffs' Original Petition were caused in whole or in part, or contributed to, by the negligence, fault or want of care of Plaintiff Sunny K. Phillip and not by any negligence or fault or want of care on the part of Defendant, its employees or officials, and Defendant invokes the Doctrine of Comparative Responsibility; and,

(3)   In addition, or in the alternative, Defendant **CITY OF LA FERIA, TEXAS** would show that Plaintiff's alleged injuries and damages were caused, in whole or in part, or contributed to, by the negligence, fault or want of care of parties, persons, or instrumentalities over whom Defendant exercised no control and for whose acts Defendant is not under the law responsible.

Without waiving the foregoing General Denial, but still insisting upon the same, for further answer if any be necessary, and as separate defenses, Defendant **CITY OF LA FERIA, TEXAS** reserves the right to file any and all cross-actions, third-party actions, counterclaims, motions, verified denials, designations of responsible third parties, and discovery as it may deem proper.

## V.

## <u>JURY DEMAND</u>

Defendants **CITY OF LA FERIA, TEXAS** hereby requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendants **CITY OF LA FERIA, TEXAS** prays that upon final trial and hearing hereof, it have judgment on its behalf, together with costs, that Plaintiff go hence without day and that Defendant **CITY OF LA FERIA, TEXAS** be granted such other and further relief, both special and general, at law and in equity, to which it may show itself to be justly entitled.

Signed on this the 22ⁿᵈ day of December, 2016.

Respectfully submitted,

**AGUILAR ☆ ZABARTE, LLC**
990 Marine Drive
Brownsville, Texas  78520
Telephone      :  (956) 504-1100
Facsimile      :  (956) 504-1408

J. Arnold Aguilar
State Bar No. 00936270

Attorney for Defendant
CITY OF LA FERIA, TEXAS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **DEFENDANT'S ORIGINAL ANSWER** will on this the 22ⁿᵈ day of December, 2016, be automatically accomplished through the Notice of Electronic Filing and/or via certified mail, return receipt requested upon the following:

Ruben R. Peña
LAW OFFICES OF RUBEN R. PEÑA, P.C.
125 Old Alice Rd.
Brownsville, TX  78520
Email:  Riolaw1@aol.com

J. Arnold Aguilar

2016-CCL-01195
3/6/2017 9:32:40 AM
Sylvia Garza-Perez
Cameron County Clerk

## NO. 2016-CCL-01195-B

| | | |
|---|---|---|
| **SUNNY K. PHILLIP** | § | **IN THE COUNTY COURT** |
| **Plaintiff/Counter-Defendant** | § | |
| | § | |
| **VS** | § | **AT LAW NO. 2** |
| | § | |
| **CITY OF LA FERIA, TEXAS** | § | |
| **Defendant/ Counter-Plaintiff** | § | **CAMERON COUNTY, TEXAS** |

### DEFENDANT / COUNTER-CLAIMANT
### CITY OF LA FERIA, TEXAS' ORIGINAL COUNTER-CLAIM AGAINST
### PLAINTIFF / COUNTER-DEFENDANT SUNNY K. PHILLIP
========================================================

MAY IT PLEASE THE COURT:

COMES NOW DEFENDANT / COUNTER-PLAINTIFF, the CITY OF LA FERIA, TEXAS (hereafter "La Feria" or "City") and files this Original Counterclaim against Plaintiff / Counter-Defendant Sunny K. Phillip ("Mr. Phillip") and would show the Court as follows:

### PROCEDURAL POSTURE

Plaintiff Sunny K. Phillip had previously initiated a lawsuit against his former employer, the City of La Feria, Texas under the above-styled and numbered cause of action. The City of La Feria is represented in that action by Risk Pool Defense Counsel Attorney J. Arnold Aguilar. The City of La Feria has appeared and filed an answer in the original proceeding initiated by Mr. Philip against the City arising out of his separation and his claim for severance pay.

This Counterclaim is now hereby filed pursuant to pursuant to TRCP Rule 97(b) & (c) by the City of La Feria against Plaintiff / Counter-Defendant Phillip. The factual basis of the counterclaim arises out of the prior employment relationship of Mr. Phillip with the City of La Feria, who served as the duly appointed City Manager under the City Charter.

### CITY OF LA FERIA'S COUNTER-CLAIM

The City of La Feria hereby files this counter-claim against Sonny K. Phillip, on the grounds, and for the reasons, set forth in more detail below.

### Venue & Jurisdiction

Jurisdiction and venue are proper in this Court because the actions by Mr. Phillip that is the basis of this counterclaim occurred in Cameron County, Texas. Further, the relief requested by the City is within the legal and equitable jurisdictional limits of the Court.

**Nature of the Counter-Claim**

This counter-claim is based on a breach of a fiduciary duties that Mr. Phillip owed to the City of La Feria in his capacity as its City Manager, and specifically with respect those duties and obligations owed by him to the City for the oversight and management of the fiscal affairs of the City.

**Relevant Background Facts**

The City of La Feria is home rule municipality organized under the Constitution and laws of the State of Texas. The organic structure of the City is defined by its City Charter. As per the City Charter, there is established a governing board of elected officials consisting of a Mayor and four elected Commissioners. The City requests that the Court take judicial notice of the City's governing home rule Charter.

As per the City Charter, the City operates under a City Manager form of government. The Charter provides for the Office of City Manager, who is appointed by, and who is answerable to, the City Commission as whole.

The City Charter specifically provides that the City Manager serves as both an appointed official, as well as an employee, of the City of La Feria. As an official, and an employee of the City, the City Manager is paid a salary and benefits in an amount negotiated with the City Commission. Nevertheless, the person holding the City Manager position holds it "at will", meaning that the City Manager may be removed from office at any time and for any reason by an affirmative vote of a majority vote of the City Commission.

The City Commission separated Sunny K. Phillip from the position of City Manager at a duly called and posted meeting of July 12, 2016. At the time of his removal, Mr. Phillip had served as City Manager for a period of at least fifteen years. Consequently, Mr. Phillip was, or should have been, well-aware of his duties and responsibilities under the City Charter, particularly with regard to the fiscal management of the City.

Subsequent to his removal, the City Commission interviewed for and later hired a new City Manager. Upon taking office, the new City Manager, Mr. Jaime Sandoval, assumed the day to day duties and functions of the office. One of those functions involved reviewing the existing fiscal budget, which at the time of his hire, had recently been adopted. Mr. Sandoval was aware that the budget for FY 2017 had been completed and presented by an Interim City Manager, Esmeralda Sanchez. Mr. Sandoval's initial concerns about the budget were that it was overstated.

At the time of Mr. Phillip's separation, the City had no permanent Finance Director, nor a City Secretary.  Consequently, after he was hired, Mr. Sandoval also proceeded to hire and fill these two positions.  The newly hired Finance Director, Frank Rios, began his job in early December 2016, and he too began to take stock of and evaluate the existing city budget and city finances.

Soon after taking office, Mr. Sandoval was made aware that the City Commission had on or about February 2015, issued a set of Restricted Fund Certificates of Obligation, in the amount of about $6.2 Million.  The Ordinance approved the issuance of these Restricted Fund Certificates specified a series capital improvement projects, and other related projects, to be paid for by the cash provided under the Certificates.   Mr. Sandoval also learned that another Series of restricted fund Certificates had been issued in 2011, also by Ordinance.

When City Manager Sandoval, and the Finance Director, began to take stock of the status of the approved projects, and the status of the remaining funds, they discovered a discrepancy.  A preliminary review of the City's records could not satisfactorily document either the appropriate expenditure or the location of remaining funds, with respect to certain of the projects.  In short, the City Manager and the Finance Director were unable to confirm the usual and customary documentation applicable to oversight and management of these funds.

The City Manager then commissioned an outside accounting firm to conduct a limited examination of accounting records and internal controls over compliance with the Restricted Funds Certificates of Obligations, Series 2015 of the City of La Feria for the fiscal years ended 9/30/2015 and 9/30/2016.   The agreed-upon procedures engagement was conducted in accordance with attestation standards established by the American Institute of Certified Public Accountants.

This Report, which relied on sampling, confirmed the preliminary findings of the City Manager and focused on other specific exceptions to the record keeping of the Certificate money. *See SAS Report dated February 12, 2017.*

**The Annual Audit and Management Letters**

Concurrent with a review of the City's budget and the utilization of the Restricted Funds, the City Manager and Finance Director also undertook a closer review of the City's prior annual audit reports, which are required by law and the management letters issued by the outside accountants.  Those management letters reveal certain concerns, comments, exceptions and recommendations to the City with respect to the fiscal oversight and

management that are consistent with the state of the fiscal booking found by City Manager Sandoval and the Finance Director.  A summary of the findings is outlined below for the City's last four fiscal years.  It remains unclear whether the contents of these management letters were presented to the Mayor and City Commission.

**Annual Audit for FY Ended September 30, 2015.**

The audit letter dated May 25, 2016, covering fiscal year ended September 30, 2015, identified Comments and Observations related to: 1) Negative Fund Balances; 2) Accounts Receivable and Accounts Payable Balances; 3) Utilize the Capital Asset Module; 4) Reconcile Internal Balances; 5) Pool Cash Reconciliations; and 6) Research Balances Outstanding Due to the Primary Government.

Most pertinent to this Counterclaim, the Outside Auditors Comments and Observations noted, with respect to "Negative Fund Balances" that:

> The City had three funds with a negative fund balance, including the general fund, at September 30, 2015. Negative fund balance amounts can obscure financial statement information. We recommend that the City evaluate the reasons for the negative fund balances and resolve the issues.

> The City has a General Fund balance deficit totaling $373,3 15 at September 30, 2015, and approximately $25,218 of this balance is reserved for specific purposes such as inventory leaving an unassigned fund balance deficit of $398,533. We recommend that the City continue to explore opportunities to increase financial resources and reduce operating expenses in an effort to restore its fund balance to a healthy level. Looking forward, the City should consider forecasting future revenues and expenditure budgets for at least five years in an effort to adequately plan for the build-up and maintenance of a strong operating fund balance.

> During the year, the City's Certificates of Obligation Series 2015 fund advanced the general fund and other funds operating cash flow. The Certificates of Obligation Series 2011 fund had to advance funds in fiscal year 2014 also, which indicates the City has yet to address these deficits. These circumstances are indicative of a deteriorating financial position and emphasizes the need for increased fund balance reserves. Ideally, a strong, healthy fund balance should encompass approximately three months of operating expenditures.

*See Long Chilton, Memorandum of Advisory Comments for the City of La Feria, Texas, dated May 25, 2016 @ p. 3.*

**Annual Audit for FY Ended September 30, 2014.**

The audit letter dated April 14, 2015, covering fiscal year ended September 30, 2014, identified Comments and Observations related to: 1) Bank Reconciliation Preparation; 2)

Unreconciled Accounts Receivable Amounts; 3) Expenditures Exceeding Budgeted Amounts; 4) Negative Fund Balances.

The independent auditors noted that,

 "During the year, the City's Certificates of Obligation Series 2011 fund advanced the general fund and other funds operating cash flow, which is indicative of a deteriorating financial position and emphasize the need for increased fund balance reserves.  Ideally, a strong, health fund balance should encompass approximately three months of operating expenditures."

*See Long Chilton, Memorandum of Advisory Comments for the City of La Feria, Texas, dated September 30, 2014 @ p. 3.*

**Annual Audit for FY Ended September 30, 2013.**

There was an Annual Audit prepared for FY ended September 30, 2013, but it had no accompanying management letter.

**Annual Audit for FY Ended September 30, 2012.**

The Annual Audit comments and Observations noted recommendations related to record keeping and documentation issues.

*See Long Chilton, Memorandum of Advisory Comments for the City of La Feria, Texas, dated April 26, 2013 @ p. 3.*

**Annual Audit for FY Ended September 30, 2011.**

The Annual Audit comments and Observations noted concerns related to 1) Implementation of Accurate Daily Cash Counting Procedures; 2) concerns related to an inadequate fund balance; and 3) concerns related to liquidation of interfund receivables and payable.

*See Long Chilton, Memorandum of Advisory Comments for the City of La Feria, Texas, dated March 28, 2012 @ p. 3.*

**Duties of the City Manager Established by Charter and By Law**

Throughout the time that Mr. Phillip was the duly appointed City Manager for the City of La Feria, he was the primary official and employee responsible for the management and oversight of the City's fiscal operations and fiscal condition.  Primary and fiduciary responsibility lay on him to assure that the City's budget and finances were in order and properly maintained, and

properly expended.  He was under a responsibility to keep the City Commission apprised of this subject matter.

The City Charter, provides, in pertinent part that the City Manager serves as the

> "chief administrative and executive officer of the City and shall be responsible to the City Commission for the administration of all the affairs of the City.  He or she shall direct and supervise the administration of all departments, offices, and employees of the City except as otherwise provided by this Charter or by law.

> *City Charter, Art. III, Section 3.01 (A).*

In addition, the City Manager's duties include, in pertinent part to fiscal administration, as follows:

> (3)  See that all laws, the provisions of this Charter and legislative enactments of the City Commission, subject to enforcement by the City Manager or by officers subject to the City Manager's direction and supervision are faithfully executed.

> (4)  Prepare and submit the budget annually and submit it to the City Commission, and be responsible for its administration after adoption.

> (5)  Prepare and submit to the City Commission as of the end of the fiscal year a complete report on the finances and administrative activities of the City for the preceding year.

> (6)  Keep the City Commission fully advised as to the financial condition and future needs of the City and make such recommendations to the City Commission concerning the affairs of the City as the City Manager deems desirable.

> (7)  Submit to the City Commission and make available to the public a complete report on the finances of the City as of the end of each fiscal year.

*City Charter, Art. III, Section 3.01 (C).*

The City Charter also provides for the issuance of municipal bonds, for certain purposes:

> The City Commission shall have the power to appropriate so much of the general revenue of the City as may be necessary for the purpose of retiring and discharging the accrued indebtedness of the City, and for the purpose of improving the streets, purchasing and constructing sewers, erecting and maintaining public works of every kind and for purchasing or constructing waterworks plants and systems, and for the purpose of erecting, maintaining, and operating an electric light and power plant and such other public utilities as the City Commission may, from time to time, deem expedient; and to fund these projects the City shall have the right and power to borrow money upon the credit of the City, within the limits provided by law, and to issue coupon bonds of the City, in such sum or sums as may be deemed expedient; to bear interest not to exceed the amount specified and provided for by the applicable statutes of the State of Texas, from time to time; payable annually of [or] semiannually, at such place or places as may be designated by the City ordinance.

All bonds shall specify for what purpose they are issued, and shall be invalid if sold for less than their par value, and when any bonds are issued by the City, a fund shall be provided to pay the interest and create a sinking fund to redeem the bonds. This fund shall not be diverted or drawn upon for any purposes, and the person acting as Finance Director shall honor no drafts, upon said fund except to pay interest upon or redeem the bonds for which it was provided.

*City Charter, Art. VIII, Section 8.06*

It shall be the duty of the City Commission to levy an annual tax sufficient to pay the interest on and provide the necessary sinking fund required by law on all outstanding general obligation bonds of the City. The Interest and Sinking Fund shall be a separate fund maintained at a depository of the City, and monies deposited therein shall not be diverted to or used for any other purpose than to pay the interest and principal on general obligation bonds issued by the City of La Feria.

*City Charter, Art. VIII, Section 8.07*

The City Charter also specifically provides that all accounts and fiscal records of the City are to be audited on a perpetual basis.

All accounts and fiscal records of the City of La Feria shall be audited on a perpetual basis by a continuous, independent audit. The independent auditor for such purposes shall be a Certified Public Accountant, to be designated and employed by the Commission from time to time. The Commission may require a full audit report of the fiscal affairs of the City of La Feria as often as it sees fit, provided that it shall have one such full audit report at least once each year; and such audit shall be available in full to the public.

*City Charter Art. VIII, Section 8.10.*

In addition to the foregoing obligations upon the City Manager under the City Charter, the City has an obligation to comply with the fiscal regulations that exist under state law:

Sec. 102.001.  BUDGET OFFICER.  (a)  The mayor of a municipality serves as the budget officer for the governing body of the municipality except as provided by Subsection (b).

**(b)  If the municipality has the city manager form of government, the city manager serves as the budget officer (emphasis added)**

Sec. 102.002.  ANNUAL BUDGET REQUIRED.  The budget officer shall prepare each year a municipal budget to cover the proposed expenditures of the municipal government for the succeeding year.

Sec. 102.003.  ITEMIZED BUDGET; CONTENTS.

(a)       The budget officer shall itemize the budget to allow as clear a comparison as practicable between expenditures included in the proposed budget and actual expenditures for the same or similar purposes made for the preceding year.  The budget must show as

City of La Feria's Counter-Claim
Against Former City Manager Sunny K. Phillip                                                    Page 7

definitely as possible each of the projects for which expenditures are set up in the budget and the estimated amount of money carried in the budget for each project.

(b)     The budget must contain a complete financial statement of the municipality that shows:

> (1)  the outstanding obligations of the municipality;
> (2)  the cash on hand to the credit of each fund;
> (3)  the funds received from all sources during the preceding year;
> (4)  the funds available from all sources during the ensuing year;
> (5)  the estimated revenue available to cover the proposed budget; and,
> (6)  the estimated tax rate required to cover the proposed budget

Chapter 102, Texas Local Gov't Code.

**Material Factual Allegations Relating to Mismanagement of Restricted Funds**

Based on the fiscal investigation conducted to date, the City of La Feria contends and hereby claims that Mr. Phillip, within the last four years of his tenure as City Manager, breached his fiduciary duty to the City of La Feria in connection with the fiscal oversight and management of Restricted Fund Certificates of Obligation Series 2015.  The particulars of his breach include, but are not necessarily limited to, the following:

1.   There was no separate interest and sinking fund established at or around the time that the Restricted Funds were received, as required by law, to provide for an orderly and methodical accumulation of principal and interest to satisfy the timely repayment obligations on the Restricted Funds.[1]

2.   There was no insurance procured for the Restricted Funds.

3.   The Restricted Funds were commingled into a pooled operating account with other funds which were unrestricted.

4.   Given the pooling of the Restricted Funds with other fund sources, a more detailed and focused level of documentation was required under applicable accounting standards so as to establish appropriate levels of accountability for how the Restricted Funds were applied.

5.   Given the pooling of the Restricted Funds into a general operating account, and given the lack of documentation, current fiscal investigation is unable to readily document that

---

[1] This deficiency has been corrected by the current administration.

City of La Feria's Counter-Claim
Against Former City Manager Sunny K. Phillip                                   Page 8

the Restricted Funds were in fact utilized for the authorized capital projects for which the Restricted Fund Certificates were approved and issued.

6.    The accounting investigation to date reflects that some of the Restricted Funds were likely used to satisfy a debt obligation owed by the City under a prior issuance of Restricted Fund Certificates of Obligation, Series 2011, a purpose for which the Series 2015 Restricted Funds were not intended.[2]

7.    The accounting investigation to date reflects that some of the Restricted Funds were also likely diverted for use by the City's economic development corporation, known as the La Feria Industrial Development Corporation ("the LFIDC"), also a purpose and uses that was not authorized or contemplated under the Ordinance the authorized the Series 2015 Certificates.[3]

8.    While some of the projects contemplated and authorized under the Series 2015 Certificates have in fact been completed or are near completion, other projects remain uncompleted.  Yet, the Restricted Funds for completion of the authorized projects are not in fact available in any account that the City can ascertain.

9.    The accounting investigation to date reflects that the City, under the tenure of Mr. Phillip was at best, "borrowing" Restricted Funds and applying them to an unauthorized use with the expectation of replenishing those Funds at a later date.  Even assuming that such temporary "borrowing" can be justified – a matter still in dispute – that the substandard level of documentation over the management, oversight, and application of the Restricted Funds makes it difficult, if not impossible, to ascertain what benefit, if any, the City of La Feria received by these administrative actions, all of which were taken under the tenure of Mr. Phillip.

The City reserves its right to further elaborate on relevant facts as additional information becomes available.

---

[2] It is not currently known whether a proper interest and sinking fund was established for the Series 2011 Restricted Fund Certificates.
[3] There remains under review as well an audit of numerous transactions between the LFIDC and certain 3rd party non-profit organizations which were created and established by Mr. Phillip.  The exact relationship of these non-profit organizations to the LFIDC, to the City, and to Mr. Phillip remains under investigation.

## CAUSE OF ACTION NO. 1
## BREACH OF FIDUCIARY DUTY
## RELATING TO FISCAL MANAGEMENT OF THE CITY

The City hereby incorporates the factual averments contained above into this cause of action.

Texas law recognizes a breach of fiduciary duty as a cause of action. *See Priddy v Rawson, 282 S.W.3rd 588, 599 (Tex. App. – Houston [14th Dist.] 2009, pet. den'd).*

The foregoing facts demonstrate a breach of various facets of a fiduciary duty, including but not limited to:

1.   a duty of loyalty and utmost good faith;
2.   Duty of candor [needed to make full disclosure to board]
3.   Duty to refrain from self-dealing
4.   Duty to act with integrity of the strictest kind
5.   Duty of fair, honest dealing
6.   Duty of full disclosure

The standards of responsibility and care over the fiscal management of the City's affairs, particularly with regard to the issuance of Restricted Fund Certificates of Obligation Series 2015 have not been satisfied.  As such, Mr. Phillip has violated his fiduciary duty to the City of La Feria and the City Commission, which represents the interests of the citizens of the City.

## CAUSE OF ACTION NO. 2
## NEGLIGENT MISREPRESENTATION

Counter-Plaintiff City incorporates the facts contained in the previous paragraphs into this cause of action.

The City asserts that the Counter-Defendant Sonny Phillip within the past three to four years did not reasonably and adequately manage and represent to the City the true status of the City's fiscal management, particularly with regard to the restricted Certificates of Obligation issued in 2015.

It was Mr. Phillips duty as City Manager to meet and satisfy the minimum standards of care in the oversight of the City's fiscal matters.  His representations to the City were incomplete and inadequate. As a result, the City's fiscal condition has deteriorated over time.

**RELIEF REQUSTED**
**ECONOMIC LOSSES TO THE CITY OF LA FERIA**
**RETURN OF SALARY AND BENEFITS PAID**

     **Economic Damages.**  To the extent that the City of La Feria is unable to ultimately account for the Restricted Funds that it obtained in 2015, it has suffered economic damages as a direct and proximate consequence of Mr. Phillips breach of his fiduciary duties.

     While the City is prepared to have Mr. Phillip conclusively demonstrate that the Restricted Funds were either appropriately expended, or are otherwise available, to the extent that Mr. Phillip is not able to satisfy this obligation, the City's measure of economic losses is established by the measure of that undocumented or unascertainable amount of misplaced or lost dollars. Responsibility for this loss lies with Mr. Phillip.

     **Forfeiture of Salary Earned.**     In addition, or alternatively, the City of La Feria is entitled to receive from Mr. Phillip a forfeiture of salary and benefits that he was paid during his tenure as City Manager for the last two years.  Since FY 2012, the City's fiscal condition was continuing to deteriorate.  Mr. Phillip did not discharge of his duties with the requisite standard of care required of a public officer appointed under a City Charter.  Mr. Phillip should therefore be required to disgorge the earning since he did not in fact satisfy the standard of performance or care required of him as a City Manager.

**CONCLUSION & PRAYER**

     THEREFORE, based on any one or more of the foregoing reasons, Defendant City of La Feria, Texas hereby requests and prays that at the appropriate juncture in this litigation, the City of Law Feria have judgment against Counter-Defendant Sonny K. Phillip for all legal and equitable economic losses specified above, as well as for any attorney's fees allowable in equity (if any), and any pre-judgment or post-judgment interest allowed in law or equity.

     SIGNED on the 6th day of MARCH, 2017.

Respectfully submitted,

**DENTON NAVARRO ROCHA BERNAL
HYDE & ZECH
A Professional Corporation**
701 E. Harrison, Ste. 100
Harlingen, Texas 78550
956/421-4904
956/421-3621 (fax)

By:    *Ricardo J. Navarro*
       RICARDO J. NAVARRO
       State Bar No. 14829100
       rjnavarro@rampage-rgv.com

By:    *John-Michael W. Hayward*
       JOHN-MICHAEL W. HAYWARD
       State Bar No. 24087693
       jmhayward@rampage-rgv.com

**COUNSEL FOR COUNTER-PLAINTIFF
THE CITY OF LA FERIA, TEXAS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document has been served on the persons or parties identified below in accordance with one or more of the recognized methods of service by the Texas Rules of Civil Procedure on the 6th day of MARCH, 2017.

Mr. Ruben R. Pena
**LAW OFFICES OF RUBEN R. PENA P.C.**
125 Old Alice Road
Brownsville, Texas 78520
**COUNSEL FOR SUNNY K. PHILLIP**

J. Arnold Aguilar
**Aguilar & Zabarte, LLC.**
990 Marine Drive
Brownsville, Texas  78520
**COUNSEL FOR DEFENDANT
   CITY OF LA FERIA, TEXAS**


_Ricardo J. Navarro_
Ricardo J. Navarro
John-Michael W. Hayward

FILED
2016-CCL-01195
3/16/2017 4:39:26 PM
Sylvia Garza-Perez
Cameron County Clerk

## CAUSE NO. 2016-CCL-01195-B

| | | |
|---|---|---|
| SUNNY K. PHILLIP | § | IN THE COUNTY COURT |
|     Plaintiff/Counter-Defendant | § | |
| | § | |
| vs. | § | AT LAW NO. 2 |
| | § | |
| CITY OF LA FERIA, TEXAS | § | |
|     Defendant/Counter-Plaintiff | § | CAMERON COUNTY, TEXAS |

### PLAINTIFF/COUNTER-DEFENDANT'S ORIGINAL ANSWER TO DEFENDANT/COUNTER-PLAINTIFF'S COUNTER-CLAIM

NOW COMES, PLAINTIFF, SUNNY K. PHILLIP and files this his Original Answer to the Defendant/Counter-Plaintiff City of La Feria, Texas' Counter-claim and for cause would show unto this Honorable Court as follows:

### I.

### GENERAL DENIAL

Plaintiff/Counter-Defendant SUNNY K. PHILLIP denies each and every allegation contained in Plaintiff's Original Petition, all and singular, and demands strict proof thereof in the trial of this cause.

### II

### AFFIRMATIVE DEFENSES

2.1    Counter-Defendant asserts the affirmative defense of statute of limitations as a bar to the claims being made by the Counter-Plaintiff.

2.2    Counter-Defendant asserts that the City of La Feria, Texas is required to indemnify Counter-Defendant for any and all claims that the Counter-Plaintiff has made or will make based on the employment agreement entered into by the parties on or about April 11, 1996.

2.3    Counter-Defendant asserts the affirmative defense of laches.

2.4    Counter-Defendant asserts the affirmative defense of contributory negligence.

2.5    Counter-Defendant asserts the affirmative defense of estoppel.

EXHIBIT A-6

2.6    Counter-Defendant asserts the affirmative defense of waiver.

2.7    Counter-Defendant alleges that the actions and omissions of the Counter-Plaintiff, City of La Feria, Texas, and or other various parties were the sole proximate cause of the alleged injuries and damages, if any, sustained by the Counter-Plaintiff.

2.8    Counter-Defendant alleges that the Counter-Plaintiff has not suffered any compensable damages or injury.

III.

COUNTER- DEFENANT'S DAMAGES

3.1    Counter-Defendant, Sunny K. Phillip, has incurred court costs and attorney's fees.

3.2    Counter-Defendant, Sunny K. Phillip has been defamed by the Counter-Plaintiff's allegations and has suffered damages to his reputation as a result of the adverse publicity promoted by the Counter-Plaintiff, City of La Feria, its mayor and city commission.

**JURY DEMAND**

Plaintiffs request a jury trial.

WHEREFORE, PREMISES CONSIDERED, Counter-Defendant moves that the Counter-Plaintiff be cited to appear and answer and that upon final hearing he recover judgment against the City of La Feria, Texas for his damages as they may appear at trial hereof, together with prejudgment and postjudgment interest, attorney's fees, costs of court, and such other relief to which they may be entitled.

Respectfully submitted,

BY:   */s/ Ruben R. Pena*
**RUBEN R. PEÑA**
Texas Bar No. 15740900

**LAW OFFICES OF RUBEN. R. PEÑA, P.C.**
125 Old Alice Rd
Brownsville, Texas  78520
Telephone (956) 546-5775
Facsimile (956)  546-5778
Riolaw1@aol.com

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

On this the 16th day of March, 2017 a true and correct copy of the above Original Answer to the Counter-Plaintiff's Counter-Claim was forwarded to all counsel of record as permitted by the Texas Rules of Civil Procedure.

*/s/Ruben R. Pena*
Ruben R. Pena

2016-CCL-01195
3/20/2017 3:56:24 PM
Sylvia Garza-Perez
Cameron County Clerk

## NO. 2016-CCL-01195-B

| | | |
|---|---|---|
| **SUNNY K. PHILLIP** | § | **IN THE COUNTY COURT** |
| **Plaintiff/Counter-Defendant** | § | |
| | § | |
| **VS** | § | **AT LAW NO. 2** |
| | § | |
| **CITY OF LA FERIA, TEXAS** | § | |
| **Defendant/ Counter-Plaintiff** | § | **CAMERON COUNTY, TEXAS** |

### DEFENDANT / COUNTER-CLAIMANT
### CITY OF LA FERIA, TEXAS' FIRST AMENDED COUNTER-CLAIM AGAINST
### PLAINTIFF / COUNTER-DEFENDANT SUNNY K. PHILLIP,
=========================================================

MAY IT PLEASE THE COURT:

COMES NOW DEFENDANT / COUNTER-PLAINTIFF, the CITY OF LA FERIA, TEXAS (hereafter "LA FERIA" or "CITY") and files this First Amended Counterclaim against Plaintiff / Counter-Defendant Sunny K. Phillip ("Mr. Phillip"). In support of this First Amended Counterclaim, the CITY would show the Court as follows:

### PROCEDURAL POSTURE

Plaintiff Sunny K. Phillip had previously initiated a lawsuit against his former employer, the CITY OF LA FERIA, TEXAS under the above-styled and numbered cause of action. The City of La Feria is represented in that action by Risk Pool Defense Counsel Attorney J. Arnold Aguilar. The City of La Feria has appeared and filed an answer in the original proceeding initiated by Mr. Philip against the City arising out of his separation and his claim for severance pay.

This CITY then filed an Original Counterclaim against Mr. Philip pursuant to TRCP Rule 97(b) & (c) alleging a breach of fiduciary duties by Mr. Philip during his tenure as City Manager. Mr. Philip has now answered that counterclaim.

### CITY OF LA FERIA'S FIRST AMENDED COUNTER-CLAIM

The City of La Feria continues its counter-claim against Sunny K. Phillip, on the grounds, previously asserted and for the reasons set forth in more detail below.

### Venue & Jurisdiction

Jurisdiction and venue are proper in this Court because the actions by Mr. Phillip that is the basis of this amended counterclaim occurred in Cameron County, Texas. Further, the relief requested by the CITY is within the legal and equitable jurisdictional limits of the Court.

City of La Feria's First Amended Counter-Claim
Against Former City Manager Sunny K. Phillip

EXHIBIT A-7          -1-

**Nature of the Counter-Claim**

This counter-claim is based on a breach of a fiduciary duties that Mr. Phillip owed to the CITY OF LA FERIA in his capacity as its City Manager, and specifically with respect those duties and obligations owed by him to the City for the oversight and management of the fiscal affairs of the City.

During his tenure as City Manager, Mr. Philip was also instrumental in creating a number of non-profit entities in which he is listed in official records of the State of Texas as the President, a Director, a Manager, a Vice-President, or a Registered Agent, for the specified non-profit. *See Secretary of State Business Organizations Inquiry as of 3/10/2017, attached as Exhibit "A"*. To that Mr. Philip is now holding property and assets in the form of non-profit entities that are the fruit of his work as the former City Manager, Mr. Philip remains answerable to the CITY OF LA FERIA, TEXAS.

**Relevant Background Facts**

The CITY OF LA FERIA is home rule municipality organized under the Constitution and laws of the State of Texas. The organic structure of the CITY is defined by its City Charter. As per the City Charter, there is established a governing board of elected officials consisting of a Mayor and five elected Commissioners. The CITY requests that the Court take judicial notice of the CITY's governing home rule Charter.

As per the City Charter, the CITY operates under a City Manager form of government. The Charter provides for the Office of City Manager, who is appointed by, and who is answerable to, the City Commission as whole.

The City Charter specifically provides that the City Manager serves as both an appointed official, as well as an employee, of the CITY OF LA FERIA. As an official, and an employee of the CITY, the City Manager is paid a salary and benefits in an amount negotiated with the City Commission. Nevertheless, the person holding the City Manager position holds it "at will", meaning that the City Manager may be removed from office at any time and for any reason by an affirmative vote of a majority vote of the City Commission.

The City Commission separated Sunny K. Phillip from the position of City Manager at a duly called and posted meeting of July 12, 2016. At the time of his removal, Mr. Phillip had served as City Manager for a period of at least fifteen years. Consequently, Mr. Phillip was, or should

have been, well-aware of his duties and responsibilities under the City Charter, particularly with regard to the fiscal management of the City.

Subsequent to his removal, the City Commission interviewed for and later hired a new City Manager.  Upon taking office, the new City Manager, Mr. Jaime Sandoval, assumed the day to day duties and functions of the office.  One of those functions involved reviewing the existing fiscal budget, which at the time of his hire, had recently been adopted.  Mr. Sandoval was aware that the budget for FY 2017 had been completed and presented by an Interim City Manager, Esmeralda Sanchez. Mr. Sandoval's initial concerns about the budget were that it was overstated.

At the time of Mr. Phillip's separation, the CITY had no permanent Finance Director, nor a City Secretary.  Consequently, after he was hired, Mr. Sandoval also proceeded to hire and fill these two positions.  The newly hired Finance Director, Frank Rios, began his job in early December 2016, and he too began to take stock of and evaluate the existing city budget and city finances.

Soon after taking office, Mr. Sandoval was made aware that the City Commission had on or about February 2015, issued a set of Restricted Fund Certificates of Obligation, in the amount of about $6.3 Million.  The Ordinance approved the issuance of these Restricted Fund Certificates specified a series capital improvement projects, and other related projects, to be paid for by the cash provided under the Certificates.   Mr. Sandoval also learned that another Series of restricted fund Certificates had been issued in 2011, also by Ordinance.

When City Manager Sandoval, and the Finance Director, began to take stock of the status of the approved projects, and the status of the remaining funds, they discovered a discrepancy.  A preliminary review of the City's records could not satisfactorily document either the appropriate expenditure or the location of remaining funds, with respect to certain of the projects.  In short, the City Manager and the Finance Director were unable to confirm the usual and customary documentation applicable to oversight and management of these funds.

The City Manager then commissioned an outside accounting firm to conduct a limited examination of accounting records and internal controls over compliance with the Restricted Funds Certificates of Obligations, Series 2015 of the City of La Feria for the fiscal years ended 9/30/2015 and 9/30/2016.  The agreed-upon procedures engagement was conducted in accordance with attestation standards established by the American Institute of Certified Public Accountants.

City of La Feria's First Amended Counter-Claim
Against Former City Manager Sunny K. Phillip                                    -3-

This Report, which relied on sampling, confirmed the preliminary findings of the City Manager and focused on other specific exceptions to the record keeping of the Certificate money. *See SAS Report dated February 12, 2017.*

**The Annual Audit and Management Letters**

Concurrent with a review of the City's budget and the utilization of the Restricted Funds, the City Manager and Finance Director also undertook a closer review of the City's prior annual audit reports, which are required by law and the management letters issued by the outside accountants. Those management letters reveal certain concerns, comments, exceptions and recommendations to the City with respect to the fiscal oversight and management that are consistent with the state of the fiscal booking found by City Manager Sandoval and the Finance Director. A summary of the findings is outlined below for the City's last four fiscal years. It remains unclear whether the contents of these management letters were presented to the Mayor and City Commission.

**Annual Audit for FY Ended September 30, 2015.**

The audit letter dated May 25, 2016, covering fiscal year ended September 30, 2015, identified Comments and Observations related to: 1) Negative Fund Balances; 2) Accounts Receivable and Accounts Payable Balances; 3) Utilize the Capital Asset Module; 4) Reconcile Internal Balances; 5) Pool Cash Reconciliations; and 6) Research Balances Outstanding Due to the Primary Government.

Most pertinent to this Counterclaim, the Outside Auditors Comments and Observations noted, with respect to "Negative Fund Balances" that:

> The City had three funds with a negative fund balance, including the general fund, at September 30, 2015. Negative fund balance amounts can obscure financial statement information. We recommend that the City evaluate the reasons for the negative fund balances and resolve the issues.

> The City has a General Fund balance deficit totaling $373,3 15 at September 30, 2015, and approximately $25,218 of this balance is reserved for specific purposes such as inventory leaving an unassigned fund balance deficit of $398,533. We recommend that the City continue to explore opportunities to increase financial resources and reduce operating expenses in an effort to restore its fund balance to a healthy level. Looking forward, the City should consider forecasting future revenues and expenditure budgets for at least five years in an effort to adequately plan for the build-up and maintenance of a strong operating fund balance.

> During the year, the City's Certificates of Obligation Series 2015 fund advanced the general fund and other funds operating cash flow. The Certificates of Obligation Series

2011 fund had to advance funds in fiscal year 2014 also, which indicates the City has yet to address these deficits. These circumstances are indicative of a deteriorating financial position and emphasizes the need for increased fund balance reserves. Ideally, a strong, healthy fund balance should encompass approximately three months of operating expenditures.

*See Long Chilton, Memorandum of Advisory Comments for the City of La Feria, Texas, dated May 25, 2016 @ p. 3.*

**Annual Audit for FY Ended September 30, 2014.**

The audit letter dated April 14, 2015, covering fiscal year ended September 30, 2014, identified Comments and Observations related to: 1) Bank Reconciliation Preparation; 2) Unreconciled Accounts Receivable Amounts; 3) Expenditures Exceeding Budgeted Amounts; 4) Negative Fund Balances.

The independent auditors noted that,

"During the year, the City's Certificates of Obligation Series 2011 fund advanced the general fund and other funds operating cash flow, which is indicative of a deteriorating financial position and emphasize the need for increased fund balance reserves. Ideally, a strong, health fund balance should encompass approximately three months of operating expenditures."

*See Long Chilton, Memorandum of Advisory Comments for the City of La Feria, Texas, dated September 30, 2014 @ p. 3.*

**Annual Audit for FY Ended September 30, 2013.**

There was an Annual Audit prepared for FY ended September 30, 2013, but it had no accompanying management letter.

**Annual Audit for FY Ended September 30, 2012.**

The Annual Audit comments and Observations noted recommendations related to record keeping and documentation issues.

*See Long Chilton, Memorandum of Advisory Comments for the City of La Feria, Texas, dated April 26, 2013 @ p. 3.*

**Annual Audit for FY Ended September 30, 2011.**

The Annual Audit comments and Observations noted concerns related to 1) Implementation of Accurate Daily Cash Counting Procedures; 2) concerns related to an inadequate fund balance; and 3) concerns related to liquidation of interfund receivables and payable.

*See Long Chilton, Memorandum of Advisory Comments for the City of La Feria, Texas, dated March 28, 2012 @ p. 3.*

**Duties of the City Manager Established by Charter and By Law**

Throughout the time that Mr. Phillip was the duly appointed City Manager for the City of La Feria, he was the primary official and employee responsible for the management and oversight of the City's fiscal operations and fiscal condition.  Primary and fiduciary responsibility lay on him to assure that the City's budget and finances were in order and properly maintained, and properly expended.  He was under a responsibility to keep the City Commission apprised of this subject matter.

The City Charter, provides, in pertinent part that the City Manager serves as the

> "chief administrative and executive officer of the City and shall be responsible to the City Commission for the administration of all the affairs of the City.  He or she shall direct and supervise the administration of all departments, offices, and employees of the City except as otherwise provided by this Charter or by law.

> *City Charter, Art. III, Section 3.01 (A).*

In addition, the City Manager's duties include, in pertinent part to fiscal administration, as follows:

> (3)     See that all laws, the provisions of this Charter and legislative enactments of the City Commission, subject to enforcement by the City Manager or by officers subject to the City Manager's direction and supervision are faithfully executed.

> (4)     Prepare and submit the budget annually and submit it to the City Commission, and be responsible for its administration after adoption.

> (5)     Prepare and submit to the City Commission as of the end of the fiscal year a complete report on the finances and administrative activities of the City for the preceding year.

> (6)     Keep the City Commission fully advised as to the financial condition and future needs of the City and make such recommendations to the City Commission concerning the affairs of the City as the City Manager deems desirable.

> (7)     Submit to the City Commission and make available to the public a complete report on the finances of the City as of the end of each fiscal year.

*City Charter, Art. III, Section 3.01 (C).*

The City Charter also provides for the issuance of municipal bonds, for certain purposes:

> The City Commission shall have the power to appropriate so much of the general revenue of the City as may be necessary for the purpose of retiring and discharging the accrued indebtedness of the City, and for the purpose of improving the streets,

City of La Feria's First Amended Counter-Claim
Against Former City Manager Sunny K. Phillip                                   -6-

purchasing and constructing sewers, erecting and maintaining public works of every kind and for purchasing or constructing waterworks plants and systems, and for the purpose of erecting, maintaining, and operating an electric light and power plant and such other public utilities as the City Commission may, from time to time, deem expedient; and to fund these projects the City shall have the right and power to borrow money upon the credit of the City, within the limits provided by law, and to issue coupon bonds of the City, in such sum or sums as may be deemed expedient; to bear interest not to exceed the amount specified and provided for by the applicable statutes of the State of Texas, from time to time; payable annually of [or] semiannually, at such place or places as may be designated by the City ordinance.

All bonds shall specify for what purpose they are issued, and shall be invalid if sold for less than their par value, and when any bonds are issued by the City, a fund shall be provided to pay the interest and create a sinking fund to redeem the bonds. This fund shall not be diverted or drawn upon for any purposes, and the person acting as Finance Director shall honor no drafts, upon said fund except to pay interest upon or redeem the bonds for which it was provided.

*City Charter, Art. VIII, Section 8.06*

It shall be the duty of the City Commission to levy an annual tax sufficient to pay the interest on and provide the necessary sinking fund required by law on all outstanding general obligation bonds of the City. The Interest and Sinking Fund shall be a separate fund maintained at a depository of the City, and monies deposited therein shall not be diverted to or used for any other purpose than to pay the interest and principal on general obligation bonds issued by the City of La Feria.

*City Charter, Art. VIII, Section 8.07*

The City Charter also specifically provides that all accounts and fiscal records of the City are to be audited on a perpetual basis.

All accounts and fiscal records of the City of La Feria shall be audited on a perpetual basis by a continuous, independent audit. The independent auditor for such purposes shall be a Certified Public Accountant, to be designated and employed by the Commission from time to time. The Commission may require a full audit report of the fiscal affairs of the City of La Feria as often as it sees fit, provided that it shall have one such full audit report at least once each year; and such audit shall be available in full to the public.

*City Charter Art. VIII, Section 8.10.*

In addition to the foregoing obligations upon the City Manager under the City Charter, the City has an obligation to comply with the fiscal regulations that exist under state law:

City of La Feria's First Amended Counter-Claim
Against Former City Manager Sunny K. Phillip

Sec. 102.001.  BUDGET OFFICER.  (a)  The mayor of a municipality serves as the budget officer for the governing body of the municipality except as provided by Subsection (b).

**(b)  If the municipality has the city manager form of government, the city manager serves as the budget officer (emphasis added)**

Sec. 102.002.  ANNUAL BUDGET REQUIRED.  The budget officer shall prepare each year a municipal budget to cover the proposed expenditures of the municipal government for the succeeding year.

Sec. 102.003.  ITEMIZED BUDGET; CONTENTS.

(a)      The budget officer shall itemize the budget to allow as clear a comparison as practicable between expenditures included in the proposed budget and actual expenditures for the same or similar purposes made for the preceding year.  The budget must show as definitely as possible each of the projects for which expenditures are set up in the budget and the estimated amount of money carried in the budget for each project.

(b)      The budget must contain a complete financial statement of the municipality that shows:

  (1)  the outstanding obligations of the municipality;
  (2)  the cash on hand to the credit of each fund;
  (3)  the funds received from all sources during the preceding year;
  (4)  the funds available from all sources during the ensuing year;
  (5)  the estimated revenue available to cover the proposed budget; and,
  (6)  the estimated tax rate required to cover the proposed budget

Chapter 102, Texas Local Gov't Code.


**Material Factual Allegations Relating to Mismanagement of Restricted Funds**

Based on the fiscal investigation conducted to date, the CITY OF LA FERIA contends and hereby claims that Mr. Phillip, within the last four years of his tenure as City Manager, breached his fiduciary duty to the City of La Feria in connection with the fiscal oversight and management of Restricted Fund Certificates of Obligation Series 2015.  The particulars of his breach include, but are not necessarily limited to, the following:

1.    There was no separate interest and sinking fund established at or around the time that the Restricted Funds were received, as required by law, to provide for an orderly and methodical accumulation of principal and interest to satisfy the timely repayment obligations on the Restricted Funds.[1]

2.    There was no insurance procured for the Restricted Funds.

3.    The Restricted Funds were commingled into a pooled operating account with other funds which were unrestricted.

---

[1] This deficiency has been corrected by the current administration.

City of La Feria's First Amended Counter-Claim
Against Former City Manager Sunny K. Phillip                                     -8-

4.   Given the pooling of the Restricted Funds with other fund sources, a more detailed and focused level of documentation was required under applicable accounting standards so as to establish appropriate levels of accountability for how the Restricted Funds were applied.

5.   Given the pooling of the Restricted Funds into a general operating account, and given the lack of documentation, current fiscal investigation is unable to readily document that the Restricted Funds were in fact utilized for the authorized capital projects for which the Restricted Fund Certificates were approved and issued.

6.   The accounting investigation to date reflects that some of the Restricted Funds were likely used to satisfy a debt obligation owed by the City under a prior issuance of Restricted Fund Certificates of Obligation, Series 2011, a purpose for which the Series 2015 Restricted Funds were not intended.

7.   The accounting investigation to date reflects that some of the Restricted Funds were also likely diverted for use by the City's economic development corporation, known as the La Feria Industrial Development Corporation ("the LFIDC"), also a purpose and uses that was not authorized or contemplated under the Ordinance the authorized the Series 2015 Certificates.

8.   While some of the projects contemplated and authorized under the Series 2015 Certificates have in fact been completed or are near completion, other projects remain uncompleted.  Yet, the Restricted Funds for completion of the authorized projects are not in fact available in any account that the City can ascertain.

9.   The accounting investigation to date reflects that the City, under the tenure of Mr. Phillip was at best, "borrowing" Restricted Funds and applying them to an unauthorized use with the expectation of replenishing those Funds at a later date.  Even assuming that such temporary "borrowing" can be justified – a matter still in dispute – that the substandard level of documentation over the management, oversight, and application of the Restricted Funds makes it difficult, if not impossible, to ascertain what benefit, if any, the City of La Feria received by these administrative actions, all of which were taken under the tenure of Mr. Phillip.

The City reserved its right to further elaborate on relevant facts as additional information becomes available.

**Additional Factual Allegations**

**The EMMA Disclosures**

Because of the discrepancies that came to light, the CITY conferred with its bond counsel regarding what obligations, if any, it had to file disclosures in an appropriate forum relating to debt instruments issued by the CITY.  The CITY's bond counsel determined that certain transfers of restricted funds qualified required disclosures and that the appropriate disclosures had not been made, thereby constituting a covenant default.

City of La Feria's First Amended Counter-Claim
Against Former City Manager Sunny K. Phillip                                                      -9-

The CITY's bond counsel has now made the requisite disclosures to place the CITY in compliance with the regulatory requirements applicable to certain debt instruments. This lack of compliance by the CITY, while under the tenure of Mr. Philip, is further proof of his lack of diligence and care in the management of the CITY's fiscal operations and fiscal health.

**The Non-Profits**

In addition, it has now come fully to light that during his tenure as City Manager, Mr. Philip created a series of non-profit entities as to which he is listed with the Secretary of State as either the registered agent, a manager, or a director. *See Secretary of State Business Organizations Inquiry as of 3/10/2017, attached as Exhibit "A".*

The CITY OF LA FERIA had previously created an Industrial Development Corporation, as authorized by state law, for the purposes of undertaking certain economic development objectives in the community. The creation of this non-profit corporation, known as the "La Feria Industrial Development Corporation" (the "LFIDC") was authorized by law, and the CITY acted pursuant to Ordinance in authorizing this initiative.

As allowed by both the Ordinance, as well as the Bylaws of the LFIDC, Mr. Philip served as the Executive Director of the LFIDC at all time relevant to this pleading. The Bylaws of the LFIDC also stipulated that the LFIDC's legal counsel is the City Attorney.

During his tenure as City Manager, Mr. Philip then became instrumental in creating a number of non-profit entities in which he is listed in official records of the State of Texas as the President, a Director, a Manager, a Vice-President, or a Registered Agent, for the specified non-profit. *See Exhibit "A", attached.*

A closer review and inspection of the formation documents and other filings reflects that these non-profit corporations were ostensibly created in furtherance of economic development initiatives similar to those of the LFIDC. Many of the non-profits ended up having business transaction with the LFIDC, the details of which are still being audited and evaluated.

However well intended the economic development concepts may have been, Mr. Philips involvement with the non-profits he created in a representative capacity, created both an apparent and a real conflict of interest for him. It placed him in the position of serving as the Executive Director of the LFIDC, an agency of the CITY, but at the same time made in an agent of what purports to be a private non-profit entity. Consequently, in those situation whereby the non-profit

entity engaged in business transactions with the LFIDC, there was no true arms-length transaction, given that Mr. Philip was a principal on both sides of the table.

A review of the City's records also does not reveal that Mr. Philip ever filed of a Chapter 171 conflict of interest affidavit with the City Secretary which, based on the available evidence, appears to have been a required disclosure.  *See Chapter 171, Texas Local Gov't Code.*  Nor does it appear that Mr. Philip filed any disclosures to the LFIDC that would otherwise be required of him as its Executive Director under the Texas Business Organization Code.  *See §22.230, TBOC.*

As both the City Manager for the CITY, as well as the Executive Director for the LFIDC, Mr. Philip had a duty to file disclosures with the City Secretary in connection with those non-profit entities that transacted business with either the LFIDC and/or the CITY, given his agency relationship with the non-profits. While it is possible that Mr. Philip's fiscal or control interest in the non-profits did not trigger a disclosure obligation, the CITY is unable to confirm the exact nature and extent of Mr. Philip's fiscal interest in the non-profits he helped establish because the CITY has been denied access to this information, as is more fully outlined below.

There is evidence that Mr. Philips engagement with the non-profits with which he was involved took precedence over his duties and obligations as the City Manager and by extension as Executive Director of the LFIDC.  A review of the filing history of the LFIDC on file with the Secretary of State's office reflects that the maintenance and care of the LFIDC fell behind.  The most recent Periodic Reports have not been filed, and a review of the history reflects that the entity was on the verge of being involuntarily dissolved for failure to meet the filing requirements.  *See Secretary of State Business Organizations Inquiry – Filing History for LFIDC, attached as Exhbit "C".*

There is also also evidence that Mr. Philip spent significant efforts, while he was City Manager, in using both his time and his office on behalf of the non-profit entities.  A review of the filing history reflects the official address as being that of City Hall at 115 E. Commercial Ave. in La Feria, Texas.  In addition, available records for a couple of the non-profits, specifically the South Texas Collaborative for Housing Development, Inc. ("STCHD") and the South Texas Emerging Markets Development Fund, Inc. ("STEMDF") reflect the utilization of City space, time, and resources to maintain the activities of these two non-profits.

A review of the available IRS 990 filings for these and other non-profits in which Mr. Philip is associated, reflects the City Hall address as the official address.  In addition, the IRS reporting year is the same as that of the CITY, that is, October 1 through September 30.  The available 990 form reflect that significant revenue is flowing through at least a few of these non-profits.

Of particular significance is that the CITY's current accounting firm, which has been for many years, and is still currently engaged in completing the CITY's annual audit required by law, is also the accounting firm for the non-profits.  Given that the activities of the non-profits under Mr. Philips tenure were facilitated and supported and initiated by Mr. Philip as City Manager, it came as a surprise when the accounting firm refused to give the current City Manager access to the financial records of the non-profits, on the premise that the non-profits belonged to a different "client."  That "client" is presumably Mr. Philip.

Consequently, the CITY is being denied access to financial records for non-profit entities that the former City Manager created while he was working for the CITY.  Although the non-profits have their own corporate form in law, in equity the assets of these non-profits belong to the CITY OF LA FERIA, given the time and resources invested in them while Mr. Philip was the City Manager.

This is simply further corroboration that Mr. Philip, even while holding an official office for the CITY and the LFIDC, was acting in the interest of the private non-profit, not in the best interest of the CITY or the LFIDC.

### CAUSE OF ACTION NO. 1
### BREACH OF FIDUCIARY DUTY
### RELATING TO FISCAL MANAGEMENT OF THE CITY

The City hereby incorporates the factual averments contained above into this cause of action.

Texas law recognizes a breach of fiduciary duty as a cause of action. *See Priddy v Rawson, 282 S.W.3rd 588, 599 (Tex. App. – Houston [14th Dist.] 2009, pet. den'd).*

The foregoing facts demonstrate a breach of various facets of a fiduciary duty, including but not limited to:

1. a duty of loyalty and utmost good faith;
2. Duty of candor [needed to make full disclosure to board]
3. Duty to refrain from self-dealing

4.      Duty to act with integrity of the strictest kind
5.      Duty of fair, honest dealing
6.      Duty of full disclosure

The standards of responsibility and care over the fiscal management of the City's affairs, particularly with regard to the issuance of Restricted Fund Certificates of Obligation Series 2015 have not been satisfied.  As such, Mr. Phillip has violated his fiduciary duty to the City of La Feria and the City Commission, which represents the interests of the citizens of the City.

In addition, the creation and formation of a series of non-profits, ostensibly in furtherance of the CITY's economic development efforts, but which are no being claimed as separate and independent from the CITY, is further evidence that Mr. Philip breached his fiduciary duties to the CITY while serving as its City Manager.

## CAUSE OF ACTION NO. 2
## NEGLIGENT MISREPRESENTATION

Counter-Plaintiff City incorporates the facts contained in the previous paragraphs into this cause of action.

The City asserts that the Counter-Defendant Sunny Phillip within the past three to four years did not reasonably and adequately manage and represent to the City the true status of the City's fiscal management, particularly with regard to the restricted Certificates of Obligation issued in 2015.

Similarly, with respect to the formation, management, and maintenance of a series of non-profits, Mr. Philip did not adequately or properly disclose to the CITY OF LA FERIA, either via the City Commission, or the LFIDC Board, that his efforts on behalf of the non-profits were, in the end, not for the benefit of the CITY OF LA FERIA.

It was Mr. Phillips duty as City Manager to meet and satisfy the minimum standards of care in the oversight of the City's fiscal matters. It was Mr. Phillips duty as City Manager to meet and satisfy the minimum standards of disclosure with respect to the creation of the non-profits and the role intended for them.

His representations to the City were incomplete and inadequate on both counts. As a result, the City's fiscal condition has deteriorated over time, and the CITY has been deprived of assets that, in equity, properly belong to it.

**RELIEF REQUSTED**
**ECONOMIC LOSSES TO THE CITY OF LA FERIA**
**RETURN OF SALARY AND BENEFITS PAID**

**Economic Damages.**  To the extent that the City of La Feria is unable to ultimately account for the Restricted Funds that it obtained in 2015, it has suffered economic damages as a direct and proximate consequence of Mr. Phillips breach of his fiduciary duties.

While the City is prepared to have Mr. Phillip conclusively demonstrate that the Restricted Funds were either appropriately expended, or are otherwise available, to the extent that Mr. Phillip is not able to satisfy this obligation, the City's measure of economic losses is established by the measure of that undocumented or unascertainable amount of misplaced or lost dollars. Responsibility for this loss lies with Mr. Phillip.

**Forfeiture of Salary Earned.**        In addition, or alternatively, the City of La Feria is entitled to receive from Mr. Phillip a forfeiture of salary and benefits that he was paid during his tenure as City Manager for the last two years.  Since FY 2012, the City's fiscal condition was continuing to deteriorate.  Mr. Phillip did not discharge of his duties with the requisite standard of care required of a public officer appointed under a City Charter.  Mr. Phillip should therefore be required to disgorge the earning since he did not in fact satisfy the standard of performance or care required of him as a City Manager.

**Turnover of Assets of Non-Profits.** In addition, or alternatively, the CITY OF LA FERIA contends that it is entitled to whatever assets have been generated and acquired by the non-profit entities that Mr. Philip had a hand in creating, and which have done business with the CITY either via the City Commission or the LFIDC.  These assets, whether in the form of notes, accounts, cash, real estate, personalty, etc. are the fruit of efforts and work done by Mr. Philip as the former City Manager, and as such belong to the CITY OF LA FERIA.  Mr. Philip is has wrongly appropriated these assets to himself and kept them for his personal and private gain.

**CONCLUSION & PRAYER**

THEREFORE, based on any one or more of the foregoing reasons, Defendant City of La Feria, Texas hereby requests and prays that at the appropriate juncture in this litigation, the City of Law Feria have judgment against Counter-Defendant Sunny K. Phillip for all legal and equitable economic losses specified above, as well as for any attorney's fees allowable in equity (if any), and any pre-judgment or post-judgment interest allowed in law or equity.

SIGNED on the 20th day of MARCH, 2017.

Respectfully submitted,

**DENTON NAVARRO ROCHA BERNAL
HYDE & ZECH**
**A Professional Corporation**
701 E. Harrison, Ste. 100
Harlingen, Texas 78550
956/421-4904
956/421-3621 (fax)

By:    *Ricardo J. Navarro*
RICARDO J. NAVARRO
State Bar No. 14829100
rjnavarro@rampage-rgv.com

By:    *John-Michael W. Hayward*
JOHN-MICHAEL W. HAYWARD
State Bar No. 24087693
jmhayward@rampage-rgv.com

**COUNSEL FOR COUNTER-PLAINTIFF
THE CITY OF LA FERIA, TEXAS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document has been served on the persons or parties identified below in accordance with one or more of the recognized methods of service by the Texas Rules of Civil Procedure on the 20th day of MARCH, 2017.

Mr. Ruben R. Pena
**LAW OFFICES OF RUBEN R. PENA P.C.**
125 Old Alice Road
Brownsville, Texas 78520
**COUNSEL FOR SUNNY K. PHILLIP**

J. Arnold Aguilar
**Aguilar & Zabarte, LLC.**
990 Marine Drive
Brownsville, Texas  78520
**COUNSEL FOR DEFENDANT**
  **CITY OF LA FERIA, TEXAS**

*Ricardo J. Navarro*
Ricardo J. Navarro
John-Michael W. Hayward

Case 1:17-cv-00110   Document 1-1   Filed in TXSD on 05/19/17   Page 50 of 59

EXHIBIT "A"

NO. 2016-CCL-01195-B

Filed
2016-CCL-01195
3/20/2017 3:56:24 PM
Sylvia Garza-Perez
Cameron County Clerk

# TEXAS SECRETARY of STATE
# ROLANDO B. PABLOS

**UCC** | **Business Organizations** | **Trademarks** | **Notary** | **Account** | **Help/Fees** | **Briefcase** |
**Logout**

## GLOBAL PERSON SEARCH

This search was performed with the following search parameter:
**PERSON NAME :** Sunny K Philip

| Mark | Filing Number | Person | Title | Entity Name | Entity Type | Entity Status |
|------|--------------|--------|-------|-------------|-------------|---------------|
| ○ | 801710053 | SUNNY PHILIP | PRESIDENT | LFSQ-GP, LLC | Domestic Limited Liability Company (LLC) | In existence |
| ○ | 801710053 | SUNNY PHILIP | DIRECTOR | LFSQ-GP, LLC | Domestic Limited Liability Company (LLC) | In existence |
| ○ | 802651938 | SUNNY K. PHILIP | Manager | LFPV-SLP, LLC | Domestic Limited Liability Company (LLC) | In existence |
| ○ | 802651938 | SUNNY K. PHILIP | Registered Agent | LFPV-SLP, LLC | Domestic Limited Liability Company (LLC) | In existence |
| ○ | 116608601 | Sunny K Philip | Registered Agent | LA FERIA INDUSTRIAL DEVELOPMENT CORPORATION, INC. | Domestic Nonprofit Corporation | In existence |
| ○ | 134912201 | Sunny K Philip | Registered Agent | LA FERIA ECONOMIC DEVELOPMENT CORPORATION | Domestic Nonprofit Corporation | In existence |
| ○ | 148389401 | Sunny Philip | Director | FIRST UNITED METHODIST CHURCH OF LA FERIA FOUNDATION | Domestic Nonprofit Corporation | In existence |
| ○ | 800244278 | Sunny Philip | Director | MARY ANNE INC. | Domestic For-Profit Corporation | In existence |
| ○ | 800244278 | Sunny Philip | Vice-President | MARY ANNE INC. | Domestic For-Profit Corporation | In existence |
| ○ | 801172223 | Sunny K. Philip | Registered Agent | SOUTH TEXAS COLLABORATIVE FOR HOUSING DEVELOPMENT, INC. | Domestic Nonprofit Corporation | In existence |

Records 1 to 10 of 15 scroll    Next >>    OR    proceed to page [    ] of 2 pages [ GO ]

[ Return to Order ]  [ New Search ]

Instructions:
- To view additional information pertaining to a particular filing select the number associated with the name.
- To place an order for additional information about a filing select the radial button listed under 'Mark' that is associated with the entity and press the 'Order' button.

# TEXAS SECRETARY of STATE
# ROLANDO B. PABLOS

**UCC** | **Business Organizations** | **Trademarks** | **Notary** | **Account** | **Help/Fees** | **Briefcase** |
**Logout**

### GLOBAL PERSON SEARCH

This search was performed with the following search parameter:
**PERSON NAME :** Sunny K Philip

| Mark | Filing Number | Person | Title | Entity Name | Entity Type | Entity Status |
|------|--------------|--------|-------|-------------|-------------|---------------|
| ○ | 801172690 | Sunny K Philip | Registered Agent | SOUTH TEXAS EMERGING MARKETS DEVELOPMENT FUND, INC. | Domestic Nonprofit Corporation | In existence |
| ○ | 801234118 | Sunny K. Philip | Registered Agent | LFDH-GP, LLC | Domestic Limited Liability Company (LLC) | In existence |
| ○ | 801234125 | Sunny K. Philip | Registered Agent | DUKE'S HIGHWAY, LP | Domestic Limited Partnership (LP) | In existence |
| ○ | 802548842 | Sunny K. Philip | Managing Member | S. K. Philip Management, LLC | Domestic Limited Liability Company (LLC) | In existence |
| ○ | 802548842 | Sunny K. Philip | Registered Agent | S. K. Philip Management, LLC | Domestic Limited Liability Company (LLC) | In existence |

Records 11 to 15 of 15 scroll   [ << Previous ]   **OR**   proceed to page [     ] of 2 pages   [ GO ]

[ Return to Order ]   [ New Search ]

Instructions:
- 🔴 To view additional information pertaining to a particular filing select the number associated with the name.
- 🔴 To place an order for additional information about a filing select the radial button listed under 'Mark' that is associated with the entity and press the 'Order' button.

2016-CCL-01195
3/30/2017 9:47:33 AM
Sylvia Garza-Perez
Cameron County Clerk

## CAUSE NO. 2016-CCL-01195-B

| | | |
|---|---|---|
| SUNNY K. PHILLIP | § | IN THE COUNTY COURT |
| Plaintiff/Counter-Defendant | § | |
| | § | |
| vs. | § | AT LAW NO. 2 |
| | § | |
| CITY OF LA FERIA, TEXAS | § | |
| Defendant/Counter-Plaintiff | § | CAMERON COUNTY, TEXAS |

## PLAINTIFF/COUNTER-DEFENDANT'S ORIGINAL ANSWER TO DEFENDANT/COUNTER-PLAINTIFF'S FIRST AMENDED COUNTER-CLAIM

NOW COMES, PLAINTIFF, SUNNY K. PHILLIP and files this his Original Answer to the Defendant/Counter-Plaintiff City of La Feria, Texas' FIRST AMENDED COUNTER-CLAIM and for cause would show unto this Honorable Court as follows:

### I.

### GENERAL DENIAL

Plaintiff/Counter-Defendant SUNNY K. PHILLIP denies each and every allegation contained in the City of La Feria's First Amended Counter-Claim, all and singular, and demands strict proof thereof in the trial of this cause.

### II

### AFFIRMATIVE DEFENSES

2.1     Counter-Defendant, SUNNY K. PHILLIP asserts the affirmative defense of statute of limitations as a bar to the claims being made by the Counter-Plaintiff.

2.2     Counter-Defendant asserts that the City of La Feria, Texas is required to indemnify Counter-Defendant for any and all claims that the Counter-Plaintiff has made or will make based on the employment agreement entered into by the parties on or about April 11, 1996.

2.3     Counter-Defendant asserts the affirmative defense of laches.

2.4     Counter-Defendant asserts the affirmative defense of contributory negligence.

EXHIBIT A-8

2.5    Counter-Defendant asserts the affirmative defense of estoppel.

2.6    Counter-Defendant asserts the affirmative defense of waiver.

2.7    Counter-Defendant alleges that the actions and omissions of the Counter-Plaintiff, City of La Feria, Texas, and or other various parties were the sole proximate cause of the alleged injuries and damages, if any, sustained by the Counter-Plaintiff.

2.8    Counter-Defendant alleges that the Counter-Plaintiff has not suffered any compensable damages or injury.

III.

COUNTER- DEFENANT'S DAMAGES

3.1    Counter-Defendant, Sunny K. Phillip, has incurred court costs and attorney's fees.

3.2    Counter-Defendant, Sunny K. Phillip has been defamed by the Counter-Plaintiff's allegations and has suffered damages to his reputation as a result of the adverse publicity promoted by the Counter-Plaintiff, City of La Feria, its mayor and city commission.

**JURY DEMAND**

Plaintiffs request a jury trial.

WHEREFORE, PREMISES CONSIDERED, Counter-Defendant, SUNNY K. PHILLIP moves that the Counter-Plaintiff be cited to appear and answer and that upon final hearing he recover judgment against the City of La Feria, Texas for his damages as they may appear at trial hereof, together with prejudgment and postjudgment interest, attorney's fees, costs of court, and such other relief to which they may be entitled.

Respectfully submitted,

BY: _/s/ Ruben R. Pena_
          **RUBEN R. PEÑA**
          Texas Bar No. 15740900

**LAW OFFICES OF RUBEN. R. PEÑA, P.C.**
125 Old Alice Rd
Brownsville, Texas  78520
Telephone (956) 546-5775
Facsimile (956)  546-5778

ruben@rubenpenalaw.com

ATTORNEY FOR PLAINTIFF

<u>CERTIFICATE OF SERVICE</u>

On this the 30th day of March, 2017 a true and correct copy of the above Original Answer to the Counter-Plaintiff's Counter-Claim was forwarded to all counsel of record as permitted by the Texas Rules of Civil Procedure.

*/s/Ruben R. Pena*
Ruben R. Pena

2016-CCL-01195
4/24/2017 9:01:50 AM
Sylvia Garza-Perez
Cameron County Clerk

## CAUSE NO. 2016-CCL-01195

| | | |
|---|---|---|
| SUNNY K. PHILLIP | § | IN THE COUNTY COURT |
| Plaintiff | § | |
| | § | |
| vs. | § | AT LAW NO. 2 |
| | § | |
| CITY OF LA FERIA, TEXAS | § | |
| Defendant | § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

NOW COMES, PLAINTIFF, SUNNY PHILLIP and files this Original Petition and for cause would show unto this Honorable Court as follows:

## I.      PARTIES

1.1 Plaintiff is an individual residing in Cameron County, Texas. The last three digits of his Texas Driver's license are 382 and the last three digits of his social security are 614

1.2 Defendant, City of La Feria, Texas has filed an answer herein.

## II. DISCOVERY LEVEL

2.1      Discovery is Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff hereby states that discovery in this case is intended to be conducted under Level 2 in accordance with Rule 190.3.  Plaintiff reserves the right to later proceed under a Level 3 discovery control plan.

## III. VENUE AND JURISDICTION

3.1      Cameron County is the proper county for the venue of this cause of action, pursuant to section 15.015 of the Civil Practice and Remedies Code.

## IV. FACTS OF THE CASE

4.1      On or about April 11, 1996 Plaintiff was hired as the City Manager for the City of La Feria, Texas.

EXHIBIT A-9

4.2     On or about April 11, 1996 Plaintiff and the Defendant, City of La Feria, Texas entered into a written agreement of employment.

4.2     Plaintiff as City Manager provided the services requested and discharged the duties that were assigned to him a City Manager.

4.3     Plaintiff, as City Manager represented the City of La Feria vis-a-vis other governmental entities.  He was also the individual responsible to respond to citizen complaints and concerns.

4.4     As the City of La Feria's CEO Plaintiff made himself available to the city commission who in essence were his employer.  He sought advice and solicited constructive criticism from his commission.

4.5     Plaintiff as the City Manager, met on a regular basis with the mayor to discuss city business, prepare agendas and provide the mayor with updates on projects and concerns that he had regarding the roles of the commission and that of the city manager.

4.6     Defendant was required to provide annual evaluation of the plaintiff, which it failed to do.

4.7     On July 12, 2016 the City Commission met and voted to terminate the services of Plaintiff as City Manager as of July 15, 2016

4.8     Pursuant to the provisions of the contract entered into by the parties, the Defendant had three options:  1)  they could give him 18 month advance written notice and continue his employment during the 18 months; 2) they could terminate immediately and prove a 12 month severance package that included his salary and automobile allowance or; 3)  they could continue Plaintiff's employment for a fractional time period of the 18 months and pay an amount equal to the basic salary employee would otherwise receive and use of the automobile for remaining 18 month period .

4.9     A true and correct copy of the contract entered into by the parties has been attached to Plaintiff's original petition and incorporates the same herein.

### V.

### PLAINTIFFS' CAUSES OF ACTION AGAINST DEFENDANTS

5.1     The Defendant by and through the actions of the City Commission of the City of La Feria, Texas have breached the contract entered into by the parties on April,11, 1996. Plaintiff brings his claims *inter alia* under the Texas Local Government Code Section 271.151 et. seq.

5.2     Plaintiff would further show that the defendant did not have good cause for the termination

5.3     Plaintiff would further show that the defendant failed to provide due process to plaintiff.  Defendant's failed to provide Plaintiff with any written evaluations, any reprimands for any actions that the Commission believed he may have taken which are contrary to policy or law, nor did they provide him an opportunity to properly prepare an adequate defense to the allegations made against him by various commission member on July 12, 2016.  The failure to provide Plaintiff with adequate notice of the charges against him, and to provide him adequate time to respond to the allegations made by various commission members violates his rights under the Texas and United States Constitution, under the due process clause of the 14th Amendment.

5.4 Plaintiff,  further brings this action under the Texas Civil Practice and Remedies Code section 38.001 et seq. as a declaratory action.  Plaintiff herein seeks the court to enforce the written agreement entered into by the parties on April 11, 1996 requiring the City of La Feria to make

## VI

6.1     Notice has been provided to the city of Plaintiff's claims.  Actual notice was provided on July 12, 2016 when the defendant's city commissioner's voted to terminate Plaintiff's written contract, of which they had full knowledge.  Additional notice was given by letter to the city's attorney Ricardo Navarro.,

## VII.

## DAMAGES

7.1     Plaintiff has suffered damages pursuant to his contract with the City of La Feria and sues for his annual salary of $125,000.00 and an additional $62,500 such sums represent the amounts owed under the executed contract between the parties.  Additionally Plaintiff seeks to recover his

medical insurance coverage of $400 per month which totals to $7,200.00. Additionally, Plaintiff seeks to recover the costs associated with the use of the city owed automobile.

7.2    Plaintiff has incurred court costs and attorney's fees pursuant to Texas Local Government Code Section 271.151 et. seq. as well as the Texas Civil Practice and Remedies Code section 38.001 et seq.

## JURY DEMAND

Plaintiffs request a jury trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff pray that Defendant be cited to appear and answer and that upon final hearing they recover judgment against the Defendant for his damages as they may appear at trial hereof, together with prejudgment and postjudgment interest, attorney's fees, costs of court, and such other relief to which they may be entitled.

Respectfully submitted,

BY:  _/s/ Ruben R. Pena_
**RUBEN R. PEÑA**
Texas Bar No. 15740900

**LAW OFFICES OF RUBEN. R. PEÑA, P.C.**
125 Old Alice Rd
Brownsville, Texas  78520
Telephone (956) 546-5775
Facsimile (956)  546-5778
Riolaw1@aol.com

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy has been forwarded to the attorneys representing the City of La Feria, via the Court's electronic notification system  and electronic mail as allowed by the Texas Rules of Civil Procedure.

Mr. J. Arnold Aguilar
Aguilar & Zabarte, LLC
990 Marine Drive
Brownsville, Texas

&

Ricardo J. Navarro & John-Michael W. Hayward
Attorney at Law
701 E. Harrison, Ste. 100
Harlingen, Texas 78550